

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2005

# Valentin v. Phila Gas Works

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2229

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Valentin v. Phila Gas Works" (2005). *2005 Decisions.* Paper 1312.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1312

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 04-2229

KENNY R. VALENTIN,

Appellant

v.

PHILADELPHIA GAS WORKS; JOE SULLIVAN,
INDIVIDUALLY AND IN HIS CAPACITY AS A
SUPERVISOR OF PHILADELPHIA GAS WORKS

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-03833)
District Judge: Hon. John R. Padova

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 5, 2005

BEFORE: BARRY, AMBRO and COWEN, Circuit Judges

(Filed: April 26, 2005)

OPINION

COWEN, Circuit Judge.

Kenny Valentin appeals the District Court's order granting Philadelphia Gas

Works' ("PGW") motion for summary judgement on the basis that there was no genuine

issue of material fact with respect to Valentin's claim that he was subjected to racial

discrimination, in accordance with a policy, custom or practice of PGW, and denying

Valentin's motion for leave to amend his complaint. Valentin contends that there were

genuine issues of material fact in dispute concerning: (1) whether certain high ranking

employees of PGW were policymakers with respect to actions they took against him, and

(2) whether he established a claim of racial discrimination. He further argues that the

Court abused its discretion in denying his request for leave to amend his complaint to

assert post-termination discrimination and retaliation.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331.[1] We have

jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm. As we write solely for the

parties, we only provide a brief recitation of the facts.

Valentin, who is Hispanic, began working for PGW in the Distribution Department

as a Laborer and then became a Junior Pipe Mechanic. After sustaining an injury at work,

he transferred to a series of light duty positions. He was terminated in February 2002 for

working a second job at Today's Man on three days when he had received sick leave pay

from PGW.

On June 26, 2003, Valentin filed a complaint against PGW and Joseph Sullivan,

the supervisor of Valentin's department. The Court dismissed all counts of the complaint

---

[1] Valentin's complaint alleges discrimination under 42 U.S.C. § 1981. However, the District Court properly converted his claims into §1983 claims because PGW is considered a municipal agency. Valentin does not appeal this conversion.

except for Valentin's racial discrimination claim against PGW. On January 29, 2004, the Court granted PGW's motion for summary judgment on the racial discrimination claims and denied Valentin's motion for leave to amend the complaint, and this appeal ensued.

## I. Section 1983 Claims

We exercise plenary review over a District Court's order granting summary judgment. *See Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 343 F.3d 669, 679 (3d Cir. 2003). Summary judgment is appropriate if there is no issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). In evaluating the evidence, we "take the facts in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in [its] favor." *Doe v. County of Centre,* 242 F.3d 437, 446 (3d Cir. 2001).

To establish a cause of action under § 1983, Valentin needed to show the existence of a policy, practice or custom of discrimination. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Other than a formal policy or standard operating procedure, discrimination by a municipality can be shown through the affirmative conduct of a person who has been identified as the ultimate policymaker. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986) ("Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.") For liability to attach, "the official must . . . be responsible for establishing government policy respecting such activity." *Id.* at 482-83 ("We hold that

3

municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."). The question of whether an official has final policymaking authority must be determined under state law. *Id.*

The necessary involvement of the policymaker can be demonstrated either through "allegations of personal direction or of actual knowledge and acquiescence." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (internal quotation marks omitted).

Valentin alleges that summary judgement was improperly granted because there were facts in dispute concerning whether, for purposes of § 1983, Jane Lewis (who supervised the risk management department), Joseph Sullivan (who supervised the department within PGW to which Valentin was assigned), and Albert D'Attilio (who was the director of PGW Labor Relations) were policymakers with respect to the actions they took against him. He does not claim, and has not shown, that PGW had a policy, practice or custom of discrimination. Rather, Valentin claims that the individual managers abused their discretion in the administration of neutral work force rules.

Specifically, Valentin argues that the following acts depict the policymaking authority of managers to support a § 1983 claim for racial discrimination: (1) Sullivan exercising his complete discretion to request Valentin's medical records following his

4

placement on light duty; (2) Lewis exercising her complete discretion to subject Valentin to investigations of his residency; (3) Lewis exercising her final authority to deny Valentin's claim for workers' compensation; (4) D'Attilio exercising his final authority to make the final decision to terminate Valentin for sick leave fraud; (5) Sullivan exercising his final authority not to notify Valentin of his termination within 20 working days; and (6) D'Attilio exercising his final authority to refuse reinstatement after Valentin's termination.

As the District Court concluded in its thorough and well-reasoned opinion, Valentin has not established that any of these members of management was a policymaker with respect to actions taken vis a vis his employment. Valentin has set forth sufficient evidence that Sullivan, D'Attilio and Lewis had discretion to enforce PGW policies within their respective departments and make decisions regarding the appropriate methods for handling situations in accordance with PGW policies. However, he has not demonstrated that any of them had unfettered authority to make decisions or had authority to enact ultimate policies for PGW.

We further conclude that Valentin has not established a disparate treatment claim against PGW. He concedes that PGW offered a legitimate non-discriminatory reason for firing him—working at Today's Man while collecting pay from PGW for sick leave. However, he has failed to show that the reasons stated for his termination and the other allegedly adverse actions were pretext for discrimination. After reviewing the record and

5

arguments, we conclude that Valentin has not set forth sufficient evidence to establish pretext—he has not demonstrated that similarly situated white employees were treated differently than him.

## II. Leave To Amend Complaint

We review a District Court's order denying a motion for leave to amend a complaint for abuse of discretion. *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). Valentin argues that the District Court abused its discretion when it denied his motion for leave to amend his complaint to assert claims for post-termination discrimination and retaliation.

The Federal Rules of Civil Procedure provide that, after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). The Rule further states that "leave shall be freely given when justice so requires." *Id.* It is clearly established that leave shall be granted unless there is an apparent reason for the denial—"such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Valentin's request to file an amended complaint to assert a new cause of action under a new legal theory was made "after the close of discovery, after Defendants'

Motion for Summary Judgment was fully briefed, after the parties submitted their pre-trial memoranda, and a mere twelve days prior to the scheduled trial." (App. at 39a.) The facts underlying the new legal theory are based on facts Valentin was aware of well before the close of discovery. Under these circumstances, the District Court's denial of leave to amend on the basis of undue delay and prejudice to PGW was not an abuse of discretion.

For the foregoing reasons, the judgment of the District Court entered on March 30, 2004, will be affirmed.